# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2239-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD TOLEDO,

     Defendant-Appellant.

_____

Submitted February 4, 2026 – Decided February 18, 2026

Before Judges Smith and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 06-09-1484.

Richard Toledo, self-represented appellant.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Richard Toledo appeals from the January 7, 2025, Law Division order dismissing his second petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

I.

In January 2006, defendant lived in Stafford Township with Wanda Gonzalez and her two sons, ages fourteen and seven. On January 19, while Ms. Gonzalez was away, defendant, armed with a hammer, struck both boys on their bodies and heads until they both died. When Ms. Gonzalez returned home, defendant abducted her from her home and into her vehicle at knifepoint. After forcing her to withdraw $500 from an ATM, defendant ordered Ms. Gonzalez to drive north on the Garden State Parkway. Ms. Gonzalez escaped when their car ran low on fuel and they stopped at a gas station. Defendant was apprehended a short time later.

After he was indicted, defendant pled guilty to two counts of murder, N.J.S.A. 2C:11-3(a)(1) and/or N.J.S.A. 2C:11-3(a)(2), and first-degree kidnapping, N.J.S.A. 2C:13-1(b) on February 8, 2008. During the plea colloquy, he not only admitted to killing the children, but also acknowledged he faced a life without parole sentence for killing the seven-year-old. During the plea, defense counsel noted that they "had extensive discussions with

2

[defendant] over the past several weeks and [defendant is] in full comprehension of the exposure of life without parole and the non-agreement or negotiation of consecutive versus concurrent [sentences]."

On March 14, 2008, the trial court sentenced defendant to a term of life in prison with an eighty-five percent parole ineligibility term for the murder of the fourteen-year-old victim, and a life term without the possibility of parole for the seven-year-old's killing. The trial court also imposed a thirty-year prison term for the kidnapping and required defendant to serve eighty-five percent of that sentence before any parole eligibility. The trial judge ordered the sentences be served consecutively.

Defendant appealed and we affirmed both his conviction and sentence. State v. Toledo, No. A-0891-08 (App. Div. May 1, 2009).

In December 2009, defendant filed his first PCR application. On November 10, 2010, the PCR court denied it without a hearing. We affirmed the order. State v. Toledo, No. A-4239-10 (App. Div. June 29, 2012).

On December 10, 2024, defendant filed his second PCR request. In a written opinion, the PCR judge denied that application without an evidentiary hearing and concluded the petition was procedurally and substantively infirm. Specifically, the PCR judge concluded that not only was the petition time-

barred under Rule 3:22-12(a)(2), but also the claims raised in it were previously considered and rejected in the denial of defendant's first PCR petition.

Defendant appealed and raises these arguments:

Point I.

The trial court erred in dismissing defendant's PCR petition as procedurally barred under Rule 3:22-4(b) and Rule 3:22-12(a)(2). (Not Raised Below).

A. Fundamental injustice warrants review despite procedural bars.

B. Mr. Toledo established a prima facie case of ineffective assistance of counsel.

C. The time bar should not apply where ineffective assistance of prior counsel is alleged.

Point II.

The [PCR] court erred in denying the defendant's petition for [PCR] without affording him an evidentiary hearing to fully address his contention that he failed to receive adequate legal representation from prior PCR counsel. (Not Raise[d] Below).

A. The prevailing legal principles regarding claims of ineffective assistance of counsel, evidentiary hearings, and petitions for [PCR].

Point III.

The trial court erred in denying defendant an evidentiary hearing despite his prima facie showing. (Not Raised Below).

A. Mr. Toledo made a prima facie showing of ineffective assistance of counsel.

B. The trial court failed to address the merits of Mr. Toledo's claims.

Point IV.

Defendant's direct appeal counsel was ineffective in failing to adequately prepare for sentencing, denying defendant's discovery requests, and refusing to seek a postponement, which violated defendant's rights to due process and constitutes ineffective assistance of counsel. (Not Raised Below).

A. Inadequate preparation for sentencing violated defendant's rights.

B. Denial of discovery requests and failure to present critical evidence.

C. Refusal to postpone excessive sentence hearing violated due process.

D. Ineffective assistance of counsel on appeal.

E. Cumulative errors and prejudice to the defendant.

Point V.

The Law Division erred in denying [defendant]'s request for assigned counsel, as his complex claims of multi-layered ineffective assistance and pro se status clearly demonstrate "good cause" mandating

5

A-2239-24

appointment to ensure due process and a meaningful opportunity for relief. (Not Raised Below).

## II.

Since "the PCR court did not hold an evidentiary hearing, we review both the factual inferences drawn from the record and any legal conclusions de novo." State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). We review the PCR court's interpretation of law de novo. State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (citing State v. Harris, 181 N.J. 391, 419 (2004)).

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). A PCR is "neither a substitute for direct appeal nor an opportunity to relitigate cases already decided on the merits." Ibid. (citations omitted).

A second or subsequent PCR petition must be filed within one year of the date on which a new constitutional right is recognized by the Courts, or "the date on which the factual predicate for the relief sought was discovered," or the date of the denial of the first . . . application for [PCR]." See R. 3:22-12(a)(2)(B), (C). In addition to its timeliness, a valid subsequent PCR petition must also satisfy one of three specific substantive criteria. State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018); R. 3:22-4(b)(2)

6

Defendant's second PCR petition was filed fifteen years after his first petition was denied. This was well beyond the time limits prescribed by <u>Rule</u> 3:22-12(a)(2). Additionally, having reviewed the record as a whole, we also conclude defendant's second petition fails on its merits. <u>R.</u> 3:22-4(b)(2). Defendant lacked a substantive basis to support a subsequent PCR petition because his arguments are not founded on a new constitutional rule, are merely bald assertions of an unsubstantiated factual predicate, and do not allege a prima facie case of ineffective assistance of PCR counsel. <u>Ibid.</u>

To the extent we have not addressed defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2239-24